UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN PABLO NAJERA AVILA, A-219-050-499,<br><br>Petitioner,<br><br>v.<br><br>WARDEN OF THE GOLDEN STATE ANNEX DETENTION FACILITY, et al.,<br><br>Respondents. | No.  1:26-cv-4006 DC AC<br><br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner, an immigration detainee proceeding through counsel, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

I.      Factual Background

Petitioner is a non-citizen[1] who entered the United States on an unspecified date, though petitioner asserts that he has resided in the country since he was sixteen.  ECF No. at 1 at 6. Petitioner asserts that he submitted an I-130 Petition for Alien Relative and I-601 Application for Waiver of Grounds of Inadmissibility and that both have been approved.  Id. at 5-6.  He was detained by Immigration and Customs Enforcement under unknown circumstances on April 28, 2026.  Id. at 5.  Petitioner further asserts that he has "stayed out of legal trouble."  Id. at 6.

---

[1]  Neither party identifies petitioner's native country.  However, his status as a non-citizen is not in dispute.

1

II.     Procedural History

On May 26, 2026, the court received petitioner's pro se petition for writ of habeas corpus under 28 U.S.C. § 2241 challenging his detention.  ECF No. 1.  The petition asserts that petitioner's continued without a bond hearing violates due process.  Id.

On May 29, 2026, the undersigned ordered respondents to respond to the petition and directed them to "substantively address whether there are any factual or legal issues that materially distinguish this case from Labrador-Prato v. Noem, No. 1:25-cv-1598 DC SCR, 2025 WL 3458802 (E.D. Cal. Dec. 2, 2025), Selis Tinoco v. Noem, No. 1:25-cv-1762 DC JDP, 2025 WL 3567862 (E.D. Cal. Dec. 14, 2025), Cesar Luis v. Warden, No. 1:26-cv-1823 DC SCR, 2026 WL 700713 (E.D. Cal. March 12, 2026), Alvarez Maciel v. Noem, No. 1:26-cv-1318 DC CKD, 2026 WL 496948 (E.D. Cal. Feb. 23, 2026), and other similar cases previously decided by this court."  ECF No. 6.  The response consists of only generic arguments that petitioner is subject to mandatory detention under § 1225(b) and fails to address whether this case is distinguishable from Labrador-Prato, Selis Tinoco, Cesar Luis, Alvarez Maciel, or any other similar cases.  ECF No. 7.  Petitioner has not yet filed a reply, but the undersigned finds that further briefing is not necessary to a fair adjudication of the motion.

III.    Legal Standard

A writ of habeas corpus may be granted to anyone who is held in custody in violation of the Constitution or laws or treaties of the United States.  28 U.S.C. § 2241(c)(3); Magana-Pizano v. I.N.S., 200 F.3d 603, 609 (9th Cir. 1999) ("28 U.S.C. § 2241 expressly permits the federal courts to grant writs of habeas corpus to aliens when those aliens are 'in custody in violation of the Constitution or laws or treaties of the United States.'" (citations omitted)).  In federal habeas proceedings, the petitioner is required to prove their case by a preponderance of the evidence. Davis v. Woodford, 384 F.3d 628, 638 (9th Cir. 2004).

IV.     Discussion

Respondents present no factual or legal issues that materially distinguish this case from the court's prior orders in Labrador-Prato, 2025 WL 3458802; Selis Tinoco, 2025 WL 3567862; Cesar Luis, 2026 WL 700713; Alvarez Maciel, 2026 WL 496948; or any other similar cases

2

previously decided by this court.  Considering the facts of this case and respondents' failure to distinguish this case in any way, the undersigned adopts and incorporates by reference the reasoning as to the detention authority to which petitioner is subject which was articulated in Labrador-Prato, Selis Tinoco, Cesar Luis, and Alvarez Maciel.  Based on that reasoning, the undersigned finds that petitioner, as a non-citizen already living in the United States, is subject to detention under the provisions of § 1226(a), not § 1225(b)(2).

However, this case is distinguishable from Labrador-Prato, Selis Tinoco, and Cesar Luis to the extent that there is no indication that petitioner was previously detained by ICE.  The undersigned therefore finds that, like the petitioner in Alvarez Maciel, who was already living in the country but had not been previously detained, petitioner was statutorily entitled to a bond hearing under 8 U.S.C. § 1226(a) prior to his detention.  See also Osman v. Warden, Golden State Annex Det. Facility, No. 1:26-cv-3641 DC AC, 2026 WL 1389891 (E.D. Cal. May 18, 2026) ("Specifically, this court has found that a noncitizen who has lived in the United States for an extended period of time without having been admitted is subject to discretionary detention during removal proceedings pursuant to 8 U.S.C. § 1226(a) and is entitled to a pre-deprivation bond hearing under that section." (citing Alvarez Maciel, 2026 WL 496948; Barajas Ortiz v. Chestnut, No. 1:26-cv-1167 DC SCR, 2026 WL 508419 (E.D. Cal. Feb. 24, 2026); Zuniga Cruz v. Noem, No. 1:26-cv-1818 DC EFB, 2026 WL 890471 (E.D. Cal. Mar. 31, 2026))).

The failure to provide petitioner with a bond hearing, as statutorily required by § 1226(a), therefore violated his right to procedural due process and warrants granting of the petition.  Because respondent does not assert any alternative basis for petitioner's detention, and does not provide any extenuating circumstances that would warrant petitioner's continued unlawful detention pending a bond hearing, the court finds that the appropriate relief is petitioner's immediate release.  See Alvarez Maciel, 2026 WL 496948, at *5; Osman, 2026 WL 1389891, at *1 ("the proper remedy for Respondent's failure to provide Petitioner with a statutorily compliant bond hearing is Petitioner's immediate release" (citing Zuniga Cruz, 2026 WL 890471, at *4)).

CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

3

1. Petitioner's petition for writ of habeas corpus (ECF No. 1) be GRANTED, as follows:

    a. Respondents shall IMMEDIATELY RELEASE petitioner Juan Pablo Najera Avila, A-219-050-499.  At the time of release, respondents must return all of petitioner's documents and possessions.

    b. Respondents are ENJOINED and RESTRAINED from attempting to re-detain petitioner unless they comply with the requirements under 8 U.S.C. § 1226(a), the Constitution, and any other laws or treaties of the United States.

    c. The order does not address the circumstances in which respondents may detain petitioner in the event petitioner becomes subject to an executable final order of removal and petitioner receives notice of that final order of removal

2. Within three days of an order adopting these findings and recommendations, respondents be required to file a notice of compliance confirming petitioner's release and that the conditions of his supervision are the same as those to which he was subject prior to his re-detention.

3. The Clerk of the Court be directed to enter judgment for petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs.  See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b).  Within **seven** days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 15, 2026

_____

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

4