UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN PABLO NAJERA AVILA, | No.  1:26-cv-04006-DC-AC (HC) |
| Petitioner, | |
| v. | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS |
| WARDEN OF THE GOLDEN STATE ANNEX DETENTION FACILITY, et al., | (ECF No. 8) |
| Respondents. | |

Petitioner, an immigration detainee, filed this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On June 16, 2026, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within seven days. ECF No. 8. On June 23, 2026, Respondents filed objections to the findings and recommendations, yet acknowledge that "most courts in this District have found . . . contrary" to Respondents' position. Id. at 1. Indeed, Respondents' arguments were addressed and rejected by the magistrate judge in this case and by the undersigned in other cases. Specifically, this court has found that a noncitizen who has lived in the United States for an extended period of time without having been admitted is subject to discretionary detention during removal proceedings pursuant to 8 U.S.C. § 1226(a) and is entitled

1

to a pre-deprivation bond hearing under that section. See Alvarez Maciel v. Noem, No. 1:26-cv-01318-DC-CKD, 2026 WL 496948 (E.D. Cal. Feb. 23, 2026) (granting injunctive relief of immediate release for noncitizen who was detained by U.S. immigration authorities after living in the United States for over twenty years); Barajas Ortiz v. Chestnut, No. 1:26-cv-01167-DC-SCR, 2026 WL 508419 (E.D. Cal. Feb. 24, 2026) (same as to noncitizen who had lived in United States for over 30 years); Acevedo Duran v. Albarran, No. 1:26-cv-01108-DC-CSK, Doc. No. 11 (E.D. Cal. Feb. 26, 2026) (same as to noncitizen who had lived in United States for approximately 2–3 years); Zuniga Cruz v. Noem, No. 1:26-cv-01818-DC-EFB, 2026 WL 890471 (E.D. Cal. Mar. 31, 2026) (granting motion for temporary restraining order and habeas petition as to the petitioner's Immigration and Nationality Act claim where the petitioner lived in the United States for eight years before his detention); Mendez Juarez v. Warden, Mesa Verde Detention Center, No. 1:26-cv-02045-DC-CSK, Doc. Nos. 1, 14 (same as to noncitizen who lived in United Stats for approximately four years); Calle-Brito v. Santacruz, No. 1:26-cv-02355-DC-CSK, Doc. Nos. 1, 14 (same as to noncitizen who resided in United States for approximately 3.5 years); Jimenez Orellana v. Johnson, 1:26-cv-02960-DJC-SCR, Doc. Nos. 1, 9 (E.D. Cal. Apr. 27, 2026) (same as to noncitizen who resided in United States for approximately 1–2 years); Rauda Molina v. Chestnut, 1:26-cv-01644-DJC-JDP, Doc. Nos. 1, 10 (E.D. Cal. Mar. 6, 2026) (same as to noncitizen who resided in United States for approximately two years). Thus, Respondents' objections do not provide a basis upon which to reject the findings and recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a de novo review of this case. Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations (ECF No. 8) are ADOPTED;

2. Petitioner's petition for a writ of habeas corpus (ECF No. 1) is GRANTED, as follows:

    a. Respondents shall IMMEDIATELY RELEASE Petitioner Juan Pablo Najera

Avila, A-219-050-499. At the time of release, Respondents must return all of Petitioner's documents and possessions.

    b.  Respondents are ENJOINED and RESTRAINED from attempting to re-detain Petitioner unless they comply with the requirements under 8 U.S.C. § 1226(a), the Constitution, and any other laws or treaties of the United States.

    c.  The order does not address the circumstances in which Respondents may detain Petitioner in the event he becomes subject to an executable final order of removal and receives notice of that final order of removal.

3.  Within three days of the date of entry of this order, Respondents are required to file a notice of compliance confirming Petitioner's release;

4.  The Clerk of the Court is directed to serve Golden State Annex with a copy of this order; and

5.  The Clerk of the Court is directed to enter judgment for Petitioner and close this case.

IT IS SO ORDERED.

Dated:   **June 25, 2026**                                 

Dena Coggins
United States District Judge